IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00815-WYD-BNB

JOHN STAUFFER,

Plaintiff,

v.

KAREN E. HAYES, D.O.,
A WOMAN'S PLACE OF FORT COLLINS, PLLP,
PAM ROYS,
PETER DUSBABEK,
PETER DAUSTER,
TODD VRIESMAN,
MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, LLP,
E. BRADFORD MARCH, III,
MARCH, OLIVE, & PHARRIS, LLP,
DANIEL J. KAUP, and
JOLENE C. BLAIR,

Defendants.

_____

**ORDER**
_____

This matter is before me on **Plaintiff Stauffer's Verified Forthwith Motion for Magistrate Boland's Recusal Prior to Forthwith Jurisdictional Issue Determination** [Doc. #78, filed November 28, 2008] (the "Motion"). The Motion is DENIED.

The plaintiff requests that I recuse from this case on the basis of bias. The plaintiff cites only Colorado state law in support of his request.

In federal court, the issue of recusal is addressed by two separate statutes. Disqualification of a judge under 28 U.S.C. § 144 requires the following showing:

> Whenever a party to any proceeding in a district court makes and
> files a timely and sufficient affidavit that the judge before whom
> the matter is pending has a personal bias or prejudice either against
> him or in favor of any adverse party, such judge shall proceed no

> further therein, but another judge shall be assigned to hear such proceedings.

The statute does not command automatic disqualification. Hall v. Burkett, 391 F. Supp. 237, 240 (D. Okla. 1975). Rather, it is the duty of the judge against whom the affidavit is filed to pass on its timeliness and legal sufficiency. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978); Hall, 391 F. Supp. at 240.

A party may also seek the disqualification of a judge under 28 U.S.C. § 455. Section 455 provides in relevant part:

> (a) Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court. In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

> Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification. Under § 455, the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted).

Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

> Thus, in addition to other factors, this and other courts have identified various matters arising in cases where §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification . . .: (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or a determination to impose severe punishment with the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the [parties], or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media . . .; and (7) threats or other attempts to intimidate the judge.

(Internal citations omitted.)

Especially applicable here is the holding of the United States Supreme Court in Liteky v. United States, 510 U.S. 540, 555-56 (1994):

> It is enough for present purposes to say the following: First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, these are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

(Original emphasis.)

In this case, the plaintiff alleges that I lack impartiality based on the following:

1. I have not ruled on his motion for a temporary restraining order;

2. I immediately responded to defendant March's motion for a forthwith ruling on his motion to dismiss, and I am going to immediately rule on March's motion to dismiss;

3. I denied the plaintiff's motion for appointment of counsel;

4. I stayed briefing on the plaintiff's motion for summary judgment pending a decision on the defendants' motions to dismiss;

5. I am going to improperly grant March's motion to dismiss; and

6. I struck the plaintiff's response to March's motion for a forthwith ruling without ruling on the substantive issues contained within it.

As a preliminary matter, the record does not contain a motion from defendant March for a forthwith ruling on his motion to dismiss. On November 12, 2008, March filed a motion for an immediate hearing to address the plaintiff's duplicative filings in other jurisdictions [Doc. #70]. I denied the motion on November 14, 2008 [Doc, #74].

The plaintiff also asserts that "quite some time ago, Stauffer submitted a motion to be represented by an attorney" and that I "without comment, immediately denied the motion, without even awaiting a response from opposing counsel." *Motion*, ¶ 13. The record reflects that the plaintiff has never requested appointment of counsel.

The plaintiff complains that I have not ruled on his motion for a temporary restraining order or his motion for summary judgment and that I am going to immediately and improperly grant March's motion to dismiss. These matters are still under review, and I expect to issue an order or recommendation as soon as possible.

4

Finally, by Order dated November 21, 2008, I struck the plaintiff's response to March's motion for a forthwith hearing because it contained irrelevant, impertinent, and profane statements. I do not permit litigants to file papers filled with irrelevant, impertinent, and profane statements, and I routinely strike such papers when they come to my attention.

The plaintiff has failed to set forth any reasons to justify my recusal under 28 U.S.C. § 455(a) or 28 U.S.C. § 144. Stated simply, the plaintiff has presented no facts (nor made any specific allegations) from which a reasonable person could infer or conclude that I am biased or prejudiced against him. Prior adverse rulings, standing alone, are not sufficient grounds to require disqualification based on claims of bias or partiality. Liteky, 510 U.S. at 555. My decisions in this case are not based on personal bias or prejudice; they are based on the record, the facts, and the law. I hold no bias nor enmity against the plaintiff. Under these circumstances, I am required to continue to serve pursuant to the Order of Reference entered by the district judge.

IT IS ORDERED that the Motion is DENIED.

Dated December 11, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge