IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00815-WYD-BNB

JOHN STAUFFER,

Plaintiff,

v.

KAREN E. HAYES, D.O.,
A WOMAN'S PLACE OF FORT COLLINS, PLLP,
PAM ROYS,
PETER DUSBABEK,
PETER DAUSTER,
TODD VRIESMAN,
MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, LLP,
E. BRADFORD MARCH, III,
MARCH, OLIVE, & PHARRIS, LLP,
DANIEL J. KAUP, and
JOLENE C. BLAIR,

Defendants.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the following motions filed by the defendants (the "Defendants' Motions"):

1. Defendants Dusbabek; Dauster; Vriesman; and Montgomery, Kolodny, Amatuzio & Dusbabek, LLP's **Motion to Dismiss** [Doc. #26, filed 5/28/08] (the "Dusbabek Motion");

2. **Motion to Dismiss for Lack of Subject Matter Jurisdiction of Defendant Pam Roys** [Doc. #28, filed 5/28/08];

3. Defendant Hayes' **Motion to Dismiss** [Doc. #29, filed 5/28/08];

4. **Defendants J. Bradford March and March, Olive & Pharris' Motion to Dismiss** [Doc. #32, filed 6/17/2008]; and

5. **Defendants Daniel J. Kaup and Jolene C. Blair's Motion to Dismiss** [Doc. #34, filed 6/17/08].

Also pending are the following motions filed by the plaintiff (the "Plaintiff's Motions"):

1. **Plaintiff John Stauffer's Civ.R. 65(b) "Verified" Combined Motion for *Ex Parte* Temporary Restraining Order, Preliminary Injunction, and, Mandatory Injunction Restoring Property to Rightful Owner Wrongfully Deprived of Possession Through Court Order Issued Without "Personal" Jurisdiction over Parties (Nor their Assets)** [Doc. #9, filed 5/2/08];

2. **Plaintiff Stauffer's Verified Motion for Summary Judgment** [Doc. #72, filed 11/13/08]; and

3. **Plaintiff Stauffer's Verified Motion for Forthwith Jurisdiction Determination** [Doc. #79, filed 11/28/08].

I respectfully RECOMMEND that the Defendants' Motions be GRANTED insofar as they seek dismissal of this case for lack of subject matter jurisdiction; be DENIED AS MOOT in all other respects; and that the action be DISMISSED. I further RECOMMEND that the Plaintiff's Motions be DENIED AS MOOT.

## I. STANDARD OF REVIEW

Because the plaintiff is proceeding *pro se*, I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).[1] I cannot act as an advocate for a *pro se* litigant,

---

[1] Although technically a "*pro se* litigant," the plaintiff does not lack legal training. He is a disbarred lawyer [Doc. #8-4, pp. 17-18]. Consequently, it is unclear whether he is entitled to a liberal construction of his pleadings. Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001) (declining to accord liberal construction to a *pro se* plaintiff because he is a licensed attorney). Moreover, the plaintiff is an experienced *pro se* litigant. The Court's docketing system indicates that he has filed in this Court at least eight cases *pro se*.

however, and he must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

Several of the defendants assert that the plaintiff's claims are barred by the Rooker-Feldman doctrine. In addition, I have considered *sua sponte* the propriety of abstaining from the exercise of jurisdiction under the rule of Younger v. Harris, 401 U.S. 37 (1971). The Rooker-Feldman doctrine and Younger abstention operate as bars to subject-matter jurisdiction. Guttman v. Khalsa, 401 F.3d 1170, 1173 n.2 (10th Cir. 2005); Weitzel v. Div. of Occupational

and Professional Licensing, 240 F.3d 871, 875 (10th Cir. 2001). Challenges pursuant to Rooker-Feldman and Younger are factual challenges to this Court's subject matter jurisdiction. Under Holt, I do not presume the truth of the factual allegations of the Complaint. Instead, I have wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts. Holt, 46 F.3d at 1003.

## II. UNDISPUTED FACTS

The plaintiff filed his Verified Amended Complaint (the "Complaint") on May 5, 2008 [Doc. #8].[2] The Complaint alleges the following:

1. "All acts" alleged in the Complaint "arise out of state case, Larimer County District Court Case No. 03CV1729 . . . ." *Complaint*, ¶ 5. All of the plaintiff's arguments in this case "are the same arguments made by the Stauffers' trial and post-trial attorneys, *ad nauseum* [sic], throughout the many post-trial document filings[] and court hearings." Id. at ¶ 58, n.6.

2. The state case involved a dispute regarding the dissolution of Dr. Christine Stauffer's medical practice partnership. Id. at ¶ 6. See also *Plaintiff's Verified Response to Certain Defendants' Motion to Dismiss* [Doc. #47] (the "Response"), ¶ 1.

3. The plaintiff and his wife, Dr. Christine Stauffer, were the plaintiffs/counter-claim defendants in the state case. *Complaint*, Ex. 1, *Order on Pending Motions*, p. 1, caption [Doc.

---

[2]The plaintiff actually filed papers totaling 255 pages. The first 27 pages [Doc. #8] are captioned "Amended Complaint." The next 41 pages [Doc. #8-2] are captioned "Verified Amended Complaint." The remaining pages [Docs. #8-3 and #8-4] are exhibits. The Amended Complaint and the Verified Amended Complaint appear to be identical except that the Verified Amended Complaint is double-spaced and, therefore, complies with the rules of this Court. The plaintiff submitted the Verified Amended Complaint three days after he submitted the Amended Complaint, evidencing his intention that the Verified Amended Complaint should supercede the Amended Complaint. Accordingly, I construe the Verified Amended Complaint as the operative document.

4

#8-3, p. 2].³  Dr. Stauffer was represented by counsel at trial and during the post-judgment proceedings.  Id. at ¶ 27.  The plaintiff proceeded *pro se*.  Id.

4. Defendant/counter-claimant Dr. Karen Hayes was represented in the state case by Montgomery, Kolodny, Amatuzio & Dusbabek, LLP; Peter Dusbabek; Peter Dauster; and Todd Vriesman.  Id. at ¶ 37.  Dr. Hayes asserted claims against the Stauffers and also asserted alter ego claims against various entities owned by or related to the Stauffers.⁴  Id. at Ex. 5, *Reply in Support of C.R.C.P. 60 Motion*, p. 3 [Doc. 8-3, p. 48].  Bradford March was appointed by the Larimer County District Court as a receiver pursuant to an order issued on December 19, 2007.  Id. at ¶ 38.  March is a partner at the law firm of March, Olive & Pharris.  Id. at ¶ 39.  Daniel Kaup and Jolene Blair are Larimer County District Court Judges and presided over the plaintiff's state case at various times.  Id. at ¶ 5.  Pam Roys is Dr. Hayes' office manager.  Id. at ¶ 35.  These individuals and law firms are all named as defendants in this case.

5. During the pendency of the state case in the trial court, and as a part of it, the Stauffers filed claims against Peter Dusbabek and Pamela Roys based on a discovery dispute.  The trial court granted a motion to dismiss the discovery dispute matters, *Dusbabek Motion*, Ex. A, and the Colorado Court of Appeals affirmed the trial court's decision on August 24, 2006.  Id. at Ex. B.

6. Judge Blair presided over the medical partnership dissolution trial.  *Complaint*, ¶¶ 19-27.  The plaintiff alleges that during the trial, Mr. Dusbabek orally requested dismissal with

---

³The plaintiff attached 10 exhibits to his Complaint.  Each of the 10 exhibits contains several distinct documents.  To avoid confusion when citing to these exhibits, I cite to the exhibit number and to the named document within that exhibit, and I also include in brackets the document and page numbers as assigned by this Court's docketing system.

⁴These entities include Lassie Dog, L.L.L.P.; JCJH, Inc.; Carly L.P.; Christine, L.P.; and A Woman's Place Medical Leasing, L.P.

prejudice of the alter ego claims. *Complaint*, ¶ 19; Ex. 7, *Plaintiffs' Stauffers' Combined Rule 97, C.R.C.P. . . . .,* p. 4, ¶ 14 [Doc. #8-3, p. 87].

7. The jury returned a verdict in favor of Dr. Hayes and against the Stauffers on claims of fraud, civil theft, civil conspiracy, and breach of fiduciary duty. Id. at Ex. 4, pp. 34-35 [Doc. 8-3, pp. 43-44]; *Plaintiff Stauffer's Verified Response to Receiver March Forthwith Hearing Request*, first attached exhibit, p. 1 [Doc. #76].[5] Judgment entered in the amount of $2,213,177.54, plus interest. *Plaintiff Stauffer's Verified Response to Receiver March Forthwith Hearing Request*, first attached exhibit, p. 2.

8. After trial, plaintiff alleges that Judge Blair changed her order granting dismissal of the alter ego entities to an "abeyance" by signing a proposed order submitted by Mr. Dusbabek. *Complaint* at ¶¶ 20-23. Plaintiff further alleges that Judge Blair intentionally did not record her previous order in the Register of Actions "so that Judge Blair could later illegally change the trial outcome as to those 7 parties, along with attorney Dusbabek . . . ." Id. at ¶ 25.

9. Judge Kaup presided over the post-trial proceedings, including the appointment of the receiver, Bradford March. Id. at ¶ 8. Judge Kaup ordered the receiver to "identify all transfers made by the judgment debtors in fraud of creditors and to take possession of and liquidate all such property for the benefit of the judgment creditor." Id. at Ex. 2, *Order Appointing Receiver*, p. 3, ¶ 5 [Doc. #8-3, p. 10]. Judge Kaup further ordered that "[t]he receiver shall hold all funds in trust for the benefit of the judgment creditor pending disbursement orders from the Court . . . ." Id.

---

[5] "Plaintiff Stauffer's Verified Response to Receiver March Forthwith Hearing Request" [Doc. #76] was stricken on November 21, 2008, because it is filled with irrelevant, impertinent, and profane statements. Attached to that document is the Amended Judgment entered by the state trial court. I take judicial notice of this exhibit pursuant to Fed. R. Evid. 201, and I cite to it to clarify the outcome of the state case.

10. In addition, Judge Kaup enjoined the Stauffers "from secreting and/or making any transfers, payments, assignments, encumbrances or waste of any asset, monies, property or other things of value except as authorized by this Order." Id. at Ex. 2, *Order Granting Injunctive Relief*, ¶ 2 [Doc. 8-3, p. 12-13].

11. Judge Kaup dismissed with prejudice Dr. Hayes' claims against the entities. Id. at ¶ 28. However, Judge Kaup ordered that the alter ego entities "are subject to discovery in aid of execution of the judgment, Rule 69 activities, tracing of assets and similar proceedings relating to execution of the judgment." Id. at Ex. 1, *Order on Pending Motions*, p. 2 [Doc. #8-3, p. 3]. The plaintiff alleges that Judge Kaup later took assets of three non-party entities related to the Stauffers. Id. at ¶ 31.

12. The plaintiff alleges that the defendants violated his constitutional rights by "utilizing, employing, and using the Court issued December 19, 2007, 'Receiver Order' (and all subsequent Receiver Orders) . . . ." Id. at ¶ 34.

13. The Stauffers have appealed the state court judgment and post-judgment orders. Id. at Ex. 4. The appeal is pending. Id.

The federal Complaint filed here asserts fifteen claims for relief. The plaintiff seeks recovery of all economic and non-economic damages sustained during the state case; an order directing the defendants to return all of his real and personal property; a temporary restraining order staying several of Judge Kaup's orders; a "Preliminary Injunction, then a Writ of Mandamus, and/or, Writ of Prohibition, and/or Declaratory Judgment . . . prohibiting Judge Kaup[] from further violating Mr. Stauffer's federal constitutional rights"; and an order directing the return of "all private and confidential information which defendants have improperly taken,

as well as . . . prohibiting defendants from any further 'private and confidential' information dissemination" Id. at ¶¶ 137-144.

### III. ANALYSIS

#### A. Rooker-Feldman Doctrine

The Rooker-Feldman doctrine is derived from 28 U.S.C. § 1257 which provides that federal review of state court judgments can be obtained only in the United States Supreme Court. Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280, 291 (2005). The Rooker-Feldman doctrine prohibits a United States district court from considering claims that have been adjudicated in a state court and claims that are inextricably intertwined with the prior state court judgment. Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir. 2006). The doctrine, however, "applies only to suits filed after state proceedings are final." Id. at 1032.

Defendants Bradford March; March, Olive & Pharris, L.L.C.; Karen Hayes; A Woman's Place of Fort Collins, P.L.L.P.; and Pam Roys assert that the Rooker-Feldman doctrine bars the claims asserted against them here. It is undisputed that the Stauffers are currently appealing the judgment and post-judgment proceedings from the state court partnership dissolution action. Therefore, those proceedings are not final, and the claims stemming from them are not subject to the Rooker-Feldman doctrine. As discussed below, however, I find that those claims are barred by Younger abstention.

In addition to the partnership dissolution claims, the Stauffers brought in state court claims against Peter Dusbabek and Pamela Roys related to a discovery dispute.[6] *Dusbabek Motion*, Exs. A and B. It is unclear from the record before me whether the proceedings

---

[6]The discovery-related claims were also brought against Cara Stegemann, who is not a party to this case.

8

regarding those claims are final. The claims were brought in the trial court as a part of the partnership dissolution lawsuit. Id. at Ex. A. However, the trial court's determination of the discovery claims was appealed, presumably pursuant to a certification of finality under Colo. R. Civ. P. 54(b), because the state appellate court issued a decision limited to those claims. Id. at Ex. B. The appellate decision was issued on August 24, 2006. Id. at p. 1.

The state appellate court described the discovery dispute claims subject to the appeal as follows:

> This action arises out of a discovery dispute that occurred in underlying litigation concerning the dissolution of a medical practice involving Dr. Stauffer and Dr. Hayes, the latter of whom is not a party to this appeal. That litigation was stayed while the parties pursued arbitration.
>
> During the arbitration, the arbitrator issued a discovery order that required that all files and documents of the partnership be made available by the parties for inspection and copying by the other party. The order specified production of both electronic and hard copy records, in whatever form they existed.
>
> Pursuant to that order, Stegemann, as defense counsel for Dr. Hayes, arranged with John Stauffer, Dr. Stauffer's husband, to review records at Dr. Stauffer's new medical office. Stegemann and Roys, who had worked as office manager for both Dr. Stauffer and Dr. Hayes in the prior practice and then worked as office manager for Dr. Hayes in her new medical practice, went to Dr. Stauffer's office, viewed records on her office computer, and printed out one four-page document. John Stauffer demanded the return of the document, claiming that it was not covered by the discovery order. Dusbabek, another attorney for Dr. Hayes, subsequently appeared at the office, and after consulting with Stegemann and Roys, explained that they were entitled to the document under the discovery order and that they would not return the document to John Stauffer, but they provided him with a copy of it.
>
> As a result of this incident, plaintiffs and various unnamed patients filed an amended complaint to assert claims against defendants for

9

>   conversion, invasion of privacy, wrongful disclosure of patient
>   information and breach of privacy, and outrageous conduct.

<u>Id.</u> at pp. 1-2.

The state appellate court upheld the trial court's dismissal of the discovery dispute claims against Stegemann and Dusbabek, and upheld the trial court's grant of summary judgment in favor of Roys. <u>Id.</u> at pp. 9, 12. The state appellate court also found that the trial court properly awarded attorneys' fees to those defendants and remanded the case for the award of attorneys' fees incurred in the appeal. <u>Id.</u> at pp. 12-14. The record does not indicate whether further review of the discovery dispute issues was sought in the Colorado supreme court (and is now a final decision); whether further review is currently pending there; or whether further state court review is now time-barred.

The Complaint filed in this Court is confusing, but it appears that the plaintiff may be asserting here a claim against Roys (and perhaps other defendants) based on the discovery obtained at Dr. Stauffer's office. In particular, Claim Two alleges that all of the defendants except Blair violated the plaintiff's due process and privacy rights under the Fourth, Fifth, and Fourteenth Amendments when they viewed, obtained, and disseminated private information. *Complaint*, ¶¶ 64-63. Claim Two further alleges that the plaintiff suffered numerous damages including those more fully described in paragraph 6. <u>Id.</u> at ¶ 67. Paragraph 6 states that "the special damages' amount that is directly resulting from Defendants' improper viewing . . . and/or, dissemination of certain of 'A Woman's Center, P.C.'s private patient information' property equals <u>$20,000.00</u> (ie: 1,000+ patients x $20,000 per patient file = $20,000,000)." Claim Nine is a state law claim and contains similar allegations. <u>Id.</u> at ¶¶ 104-108. Thus, it appears that Claims Two and Nine are directed in part to constitutional violations alleged as a result of the incident underlying the discovery dispute.

Insofar as the decision of the state appellate court on the discovery dispute is final, and to the extent Claims Two and Nine (or any of the plaintiff's claims) can be interpreted as claims against Dusbabek and Roys for obtaining the discovery from Dr. Stauffer's office, those claims have been fully adjudicated in the Colorado state courts or are inextricably intertwined with the prior state court judgment. Therefore, review here is barred by the Rooker-Feldman doctrine. To the extent the state court's decision on the discovery dispute is not a final decision, the plaintiff's claims are barred under Younger abstention, as discussed below.

### B. Younger Abstention

The defendants do not raise the Younger abstention doctrine. I must address Younger abstention, however, because it implicates this Court's subject matter jurisdiction to determine the plaintiff's claims. Koerpel v. Heckler, 797 F.2d 858, 861 (10th Cir. 1986) (stating that "[i]nasmuch as federal courts are courts of limited jurisdiction, the court may and, in fact, has an obligation to inquire into its jurisdiction *sua sponte*").

The Tenth Circuit Court of Appeals has explained Younger abstention as follows:

> Under the Younger abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief--such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings--when a state forum provides an adequate avenue for relief. Younger abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary circumstances. As [the] court stated in Amanatullah [v. State Bd. Of Medical Examiners, 187 F.3d 1160 (10th Cir. 1999)]:
>
> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

11

Weitzel, 240 F.3d at 875 (internal citations omitted).

The policy underlying Younger abstention is comity--"[t]hat is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Younger, 401 U.S. at 44. "Central to Younger was the recognition that ours is a system in which 'the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.'" Huffman v. Pursue, Ltd., 420 U.S. 592, 601 (1975) (quoting Younger, 401 U.S. at 44).

The Supreme Court has stated that "the relevant considerations of federalism" counsel "heavily toward federal restraint" when relief from an ongoing state judicial proceeding is sought:

> [I]nterference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies. Such interference also results in duplicative legal proceedings, and can readily be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles.

Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975).

Here, the plaintiff claims numerous violations of the Constitution based on events that arose out of the state action. The plaintiff claims that he is proceeding as "the real party in interest" under Rule 17(a), Fed. R. Civ. P., for the following entities and individuals (the "claimants"), all of which "have previously transferred their complete, choses in action, against

defendants, to Mr. Stauffer, pursuant to Civ. R. 25(c): Colorado Medical Billing Corporation (CMBC), Hannah Stauffer, Jasmine Stauffer, JCJH, Inc., Christine Stauffer, M.D., A Woman's Center, P.C. (AWC), Lassie Dog, L.L.L.P., Christine, L.P., Carly L.P. (Aka Carly Dog, L.L.L.P.), A Womans Place Healing Center, P.L.L.P., and, A Woman's Place Medical Leasing, L.P." *Complaint*, ¶2.

Claim One alleges that the defendants violated certain constitutional rights when they took property from the claimants pursuant to Judge Kaup's order appointing a receiver. Id. at ¶¶ 62-63. Claim Two alleges violations of constitutional rights based on the defendants' "viewing, obtaining, and then disseminating" private information of the plaintiff and the claimants pursuant to the discovery order and the order appointing a receiver. Id. at ¶¶ 6, 64-67. Claim Three alleges constitutional violations incurred as a result of Judge Kaup's order to incarcerate the plaintiff for refusing to answer questions regarding the claimants. Id. at ¶¶ 68-73. Claim Four alleges that the plaintiff's constitutional rights were violated when the receiver took control of the claimants' property, resulting in the plaintiff's inability to afford an attorney. Id. at ¶¶ 74-77. Claim Five alleges that the receiver falsely stated that Dr. Stauffer fraudulently transferred property in violation of various constitutional provisions. Id. at ¶¶ 78-83.[7]

It is undisputed that the state case is proceeding on appeal. The plaintiff does not argue, nor has he demonstrated, that he is unable to assert his claims in the state courts or that he lacks an adequate remedy in the state courts. To the contrary, he admits that all of the acts alleged in

---

[7]Claims Six through Fifteen are state law claims for civil theft, malicious prosecution, tortious interference with business contracts, invasion of privacy, state constitutional violations, libel and slander, civil conspiracy, abuse of process, and deceit. Id. at ¶¶86-136. As with the constitutional claims, these claims arise out of the plaintiff's state court proceedings.

the Complaint here arise out of his state court proceedings and that he is asserting in this Court the same arguments as were made in the state court. Therefore, there is an ongoing state civil proceeding which provides an adequate forum for the plaintiff to assert his claims.

State appellate review of its lower courts' decisions is an important state interest and is a matter which traditionally looks to state law for resolution. In addition, allegations of fraud and official misconduct by a state's judges and the attorneys licensed by a state are matters of state interest of the first magnitude. Thus, the three requirements of <u>Younger</u> abstention have been met, and this Court must abstain from exercising jurisdiction over the plaintiff's claims for injunctive relief.

The <u>Younger</u> abstention doctrine "extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state court proceeding." <u>D.L. v. Unified School Dst. No. 497</u>, 392 F.3d 1223, 1228 (10th Cir. 2004). The plaintiff seeks "all economic and non-economic damages he sustained" as a result of the state trial court's decisions. Thus, judgment in favor of the plaintiff on any of his federal claims would have a preclusive effect on the state proceedings.

I am aware that a stay of federal proceedings seeking damages is appropriate where the rationale underlying <u>Younger</u> abstention can be satisfied by a stay pending the final outcome of the state proceedings. <u>Id.</u> Here, the plaintiff's claim for damages is inextricably intertwined with his claim for injunctive relief. In short, the plaintiff seeks to undo the state trial court's orders and to punish those who authored and carried them out. *Complaint*, ¶ 137. A stay of the plaintiff's claim for damages is not appropriate under the circumstances of this case.

I find that this Court should apply <u>Younger</u> abstention and decline to exercise jurisdiction

14

over the plaintiff's federal claims (Claims One through Five). Because the application of Younger abstention precludes subject matter jurisdiction over the plaintiff's federal claims, I find that the Court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims (Claims Six through Fifteen). The plaintiff's Complaint should be dismissed in its entirety.

## IV. CONCLUSION

I respectfully RECOMMEND that the Defendants' Motions be GRANTED insofar as they seek dismissal of this case for lack of subject matter jurisdiction and DENIED AS MOOT in all other respects.

I further RECOMMEND that the Plaintiff's Motions be DENIED AS MOOT.

I further RECOMMEND that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims (Claims Six through Fifteen), and that the plaintiff's Complaint be DISMISSED in its entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 12, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge