IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00815-WYD-BNB

JOHN STAUFFER,

    Plaintiff,

v.

KAREN E. HAYES, D.O.;
A WOMAN'S PLACE OF FORT COLLINS, P.L.L.P.;
PAM ROYS;
PETER DUSBABEK;
PETER DAUSTER;
TODD VRIESMAN;
MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, L.L.P.;
E. BRADFORD MARCH, III;
MARCH, OLIVE, & PHARRIS, L.L.P.;
DANIEL J. KAUP; and
JOLENE C. BLAIR,

    Defendants.

## ORDER OF DISMISSAL

THIS MATTER is before the Court in connection with a review of the Recommendation of United States Magistrate Judge filed December 12, 2008. Magistrate Judge Boland recommends therein that this case, asserting claims under 42 U.S.C. § 1983 related to actions taken in the state court, be dismissed. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.

As noted in the Recommendation, the Complaint asserts fifteen claims for relief. Plaintiff seeks recovery of all economic and non-economic damages sustained during

the state case; an order directing the defendants to return all of his real and personal property; a temporary restraining order staying several orders of Judge Kaup, the state judge; a "Preliminary Injunction, then a Writ of Mandamus, and/or, Writ of Prohibition, and/or Declaratory Judgment . . . prohibiting Judge Kaup[] from further violating Mr. Stauffer's federal constitutional rights"; and an order directing the return of "all private and confidential information which defendants have improperly taken, as well as . . . prohibiting defendants from any further 'private and confidential' information dissemination". *See* Recommendation at 7-8 (citing Plaintiff's Verified Amended Complaint at ¶¶ 137-144).

The Recommendation addressed several motions filed in the case. These motions include: Defendants Dusbabek, Dauster, Vriesman, and Montgomery, Kolodny, Amatuzio & Dusbabek, LLP's Motion to Dismiss (collectively referred to as the "Dusbabek Defendants"); the Motion to Dismiss for Lack of Subject Matter Jurisdiction of Defendant Pam Roys; Defendant Hayes' Motion to Dismiss; Defendants J. Bradford March and March, Olive & Pharris' Motion to Dismiss ("collectively referred to as the "March Defendants"); Defendants Daniel J. Kaup and Jolene C. Blair's Motion to Dismiss; Plaintiff's "Civ.R. 65 (b) 'Verified' Combined Motion for *Ex Parte* Temporary Restraining Order, Preliminary Injunction, and, Mandatory Injunction Restoring Property to Rightful Owner Wrongfully Deprived of Possession Through Court Order Issued Without 'Personal' Jurisdiction over Parties (Nor their Assets)"; Plaintiff's Verified Motion for Summary Judgment; and Plaintiff's Verified Motion for Forthwith Jurisdiction Determination.

These motions were referred to Magistrate Judge Boland for a recommendation by Order of Reference dated April 23, 2008. In the Recommendation, Magistrate Judge Boland considered Defendants' arguments that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. See Recommendation at 3-4, 8-11. He also considered *sua sponte* the propriety of abstaining from the exercise of jurisdiction under the rule of *Younger v. Harris*, 401 U.S. 37 (1971). *Id.* at 3-4, 11-15. Both the *Rooker-Feldman* doctrine and *Younger* abstention operate as bars to subject-matter jurisdiction. *Id.* at 3.

Magistrate Judge Boland found that the *Rooker-Feldman* doctrine prohibits a United States district court from considering claims that have been adjudicated in a state court and claims that are inextricably intertwined with the prior state court judgment if the state proceedings are final. See Recommendation at 8 (citing *Guttman v. G.T.S. Khalsa*, 446 F.3d 1027, 1173 (10th Cir. 2006)). He noted that certain Defendants argued that the Rooker-Feldman doctrine bars the claims asserted against them here. *Id.* He disagreed, noting that it was undisputed that the Stauffers are currently appealing the judgment and post-judgment proceedings from the state court partnership dissolution action. *Id.* Thus, he found that those proceedings are not final and the claims stemming from them are not subject to the Rooker-Feldman doctrine. *Id.*

However, he found that those claims are barred by the *Younger* abstention doctrine. *Id.* That doctrine requires federal courts to abstain from exercising jurisdiction where there are ongoing state court proceedings, the state forum provides an adequate avenue for relief, and the state proceeding involves important state interests.

Recommendation at 8 (citing *Weitzel v. Div. of Occupational and Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001)).

Magistrate Judge Boland also found that in addition to the partnership dissolution claims, the Stauffers brought in state court claims against Peter Dusbabek and Pamela Roys related to a discovery dispute. Recommendation at 8. He stated that it is unclear from the record whether the proceedings regarding those claims are final but noted that the state appellate court decision on the discovery dispute appeared to be final. *Id.* at 8-10. Accordingly, he found that to the extent Claims Two and Nine (or any of Plaintiff's claims) can be interpreted as claims against Dusbabek and Roys for obtaining the discovery from Dr. Stauffer's office, those claims have been fully adjudicated in the Colorado state courts or are inextricably intertwined with the prior state court judgment and are barred by the *Rooker-Feldman* doctrine. *Id* at 11. He further noted that to the extent the state court's decision on the discovery dispute is not a final decision, those claims are barred under *Younger* abstention. *Id.*

On January 6, 2009, Plaintiff filed a verified objection to the Recommendation. Responses to these objections were filed on January 7, 8 and 23, 2009.

I first address Defendants' arguments that the objections are untimely and should not be considered. Defendants have not agreed on what date the objections were due. According to the March Defendants, the objections were due December 22, 2008. Defendants Judge Kaup and Judge Blair assert that the objections were due by December 29, 2008. The Dusabek Defendants assert the objections were due by January 2, 2009. While Plaintiff filed his objections on January 6, 2009, well over ten

days from the Recommendation, it is unclear when Plaintiff was served with a copy of the Recommendation. Thus, it is unclear the extent to which the objections are late or even if they are late. I further note that if the objections are late, they are only a few days late. Accordingly, I find that the objections should be considered in the interest of justice.

I now turn to the merits of Plaintiff's objections. The objections necessitate a de novo determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff argues in his objections that his § 1983 claims "are distinctly federal claims [over] which the federal courts have exclusive 'subject matter' jurisdiction." Pl.'s Verified Objection to Magistrate's Recommendations at 2. He further asserts that these claims were never part of or decided in any previous state action, and that the state court would not have had subject matter jurisdiction over such claims. *Id.* Finally, he requests that the Court exercise pendent jurisdiction over his Colorado state constitutional due process claims. Plaintiffs' objections do not address the substance of the Recommendation, as discussed below, and I find that the objections should be overruled.

Magistrate Judge Boland did not recommend that the case be dismissed because the Court generally lacked jurisdiction over the claims. Instead, he found that to the extent the Court has jurisdiction over the claims, they are based on events that arose out of the state action. As to those claims, Magistrate Judge Boland

recommended that the Court abstain from exercising its jurisdiction under the *Younger* doctrine discussed above. To the extent that any portion of Plaintiff's claims were adjudicated in the state courts, Magistrate Judge Boland recommended that those claims be dismissed as barred under the *Rooker-Feldman* doctrine. Plaintiff's objections do not address either the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine, and they provide no basis for the Court to conclude that the Recommendation was wrongly decided as to those doctrines. Further, Plaintiff's objections do not assert that Magistrate Judge Boland misconstrued any of the facts in reaching his recommendation. Finally, I find no error with Magistrate Judge Boland's recommendation that because the application of *Younger* abstention precludes subject matter jurisdiction over Plaintiff's claims, the Court should decline to exercise pendent jurisdiction over Plaintiff's state law claims.

Accordingly, it is

ORDERED that "Plaintiff Stauffer's Verified Objection to Magistrate's Recommendations" (Doc. #87) is **OVERRULED**. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge filed December 12, 2008 (Doc. # 82) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motions to Dismiss (Doc. # 26, 28, 29, 32, and 34) are **GRANTED** insofar as they seek dismissal of this case for lack of subject matter jurisdiction and **DENIED AS MOOT** in all other respects. It is

FURTHER ORDERED that Plaintiff's pending motions (Doc. # 9, 72, and 79) are **DENIED AS MOOT**. It is

FURTHER ORDERED that supplemental jurisdiction will **NOT** be exercised over Plaintiff's state law claims (Claims Six through Fifteen). Finally, it is

ORDERED that this case is **DISMISSED WITHOUT PREJUDICE**.

Dated: March 19, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge