IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00815-WYD-BNB

JOHN STAUFFER,

Plaintiff,

v.

KAREN E. HAYES, D.O.,
A WOMAN'S PLACE OF FORT COLLINS, PLLP,
PAM ROYS,
PETER DUSBABEK,
PETER DAUSTER,
TODD VRIESMAN,
MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, LLP,
E. BRADFORD MARCH, III,
MARCH, OLIVE, & PHARRIS, LLP,
DANIEL J. KAUP, and
JOLENE C. BLAIR,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1) **Defendants March and March, Olive & Pharris' Motion for Entry of Judgment for Costs and Attorneys' Fees** [Doc. # 99, filed 4/3/2009] (the "March Parties' Motion for Fees");

(2) **Motion for Attorney Fees** [Doc. # 100, filed 4/3/2009] by defendants Peter Dusbabek, Peter Dauster, Todd Vriesman, and Montgomery, Kolodny Amatuzio & Dusbabek, L.L.P. (the "Dusbabek Parties' Motion for Fees"); and

(3)     **Motion for Attorneys' Fees** [Doc. # 101, filed 4/3/2009] by defendant Karen E. Hayes, D.O. (the "Hayes Motion for Fees").

The motions are DENIED.

This action has been summarized as follows:

> This case arises from a state court trial and post-judgment proceedings. In the state court action, a judgment was entered against the Plaintiff and his wife. During post-judgment proceedings, the state court found that the Plaintiff and his wife improperly transferred their assets in order to avoid satisfying the judgment.
>
> In this lawsuit, the Plaintiff alleged that all those involved in the state court proceedings, including the judges, receiver, counsel, and parties, conspired against him and his family to wrongfully deprive them of their property. He set forth fifteen claims for relief, which were based on 42 U.S.C. § 1983 and Colorado state law. . . . [T]he . . . Defendants filed motions to dismiss for, *inter alia*, lack of subject matter jurisdiction, which this Court granted.

Dusbabek Motion for Fees [Doc. # 100] at pp. 1-2.

In a Recommendation [Doc. # 82, filed 12/12/2009] (the "Recommendation"), I found that it was undisputed that the underlying state court action was still pending on appeal and that the plaintiff had an adequate remedy in the Colorado state courts.[1] Consequently, I applied Younger v. Harris, 401 U.S. 37 (1971), and found that comity compelled that this court refrain from exercising jurisdiction. In particular, I quoted the Tenth Circuit's decision in Weitzel v. Div. of Occupational and Professional Licensing, 240 F.3d 871 (10th Cir. 2001), which holds:

---

[1] At Part III.A. of the Recommendation, I noted that it was unclear from the record before me whether the discovery related claims asserted in Claims Two and Nine had become final. I found that Claims Two and Nine were barred by the Rooker-Feldman doctrine if the state court's determination of the discovery dispute was final, and were barred under Younger abstention if the discovery dispute was still pending in the state courts. Recommendation [Doc. # 82] at pp. 8-11.

> Under the Younger abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief--such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings--when a state forum provides an adequate avenue for relief. Younger abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary circumstances.  As [the] court stated in Amanatullah [v. State Bd. Of Medical Examiners, 187 F.3d 1160 (10th Cir. 1999)]:
>
> "A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

Weitzel, 240 F.3d at 875 (internal citations omitted except as indicated).

I recommended that the district judge dismiss the federal claims for lack of subject matter jurisdiction and decline to exercise supplemental jurisdiction over the state law claims.  The district judge overruled the plaintiff's objection to my recommendation and adopted it as an order of the court.  Order of Dismissal [Doc. # 97, filed 3/19/2009].

The March Parties move pursuant to 42 U.S.C. §1988 for the award of their attorney fees in defending this action.  Section 1988 allows a prevailing defendant to recover attorney fees upon a finding that "the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."  Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983); Steinert v. Winn Group, Inc., 440 F.3d 1214, 1222 (10th Cir. 2006).

The Dusbabek Parties and Hayes seek an award of their attorney fees under 42 U.S.C. § 1988 and under a Colorado state statute--section 13-17-201, C.R.S.--which provides:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

Although section 13-17-201 is expressly applicable when dismissal is pursuant to Colo. R. Civ. P. 12(b), it has been construed to apply equally when dismissal is under the analogous federal rule. Jones v. Denver Post Corp., 203 F.3d 748, 757 (10th Cir. 2000)(holding that section 13-17-201 is substantive law of the forum state requiring the mandatory award of attorney fees when a federal court dismisses an action under Fed. R. Civ. P. 12(b)); Graymore, LLC v. Gray, 2007 WL 4062706 *4 (D. Colo. Nov. 15, 2007)(same). In addition, the award of attorney fees is mandatory when dismissal is pursuant to a motion to dismiss under Rule 12(b), Smith v. Town of Snowmass Village, 919 P.2d 868, 873 (Colo. App. 1996), and when all claims against the defendant are dismissed, even though other claims remain pending as against another defendant. Id. (holding that section 13-17-201, "by using the term 'defendant' in the singular, necessarily applies to each defendant who has an action against it dismissed pursuant to [Rule 12(b)]"); accord Jones v. Haga, 2007 WL 433126 *2 (D. Colo. Feb. 2, 2007)(holding that "a defendant must prevail on the entire action as to that defendant under Rule 12(b), and on no other grounds, in order to recover fees" under section 13-17-201).

Although the case was dismissed for lack of subject matter jurisdiction, this court nonetheless has jurisdiction to award the defendants their attorney fees if the law authorizes such an award. Citizens for a Better Environment v. The Steel Company, 230 F.3d 923, 926 (10th

Cir. 2000). Once it is determined that the law authorizes the award of attorney fees to a prevailing party, that party must prove the extent and reasonableness of its requested fees "with meticulous and contemporaneous time records." Sheets v. Salt Lake County, 45 F.3d 1383, 1391 (10th Cir. 1995); accord D.C.COLO.LCivR 54.3 (requiring that a motion for attorney fees be supported by an affidavit or affidavits that include, among other things, "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed").

Hayes has failed to support her request for attorney fees with an affidavit. She has failed to provide contemporaneous time records; failed to provide a breakdown of the services provided, the time required to perform those services, the identity of the person who performed the services, or their billing rates; and failed to detail in any way how the fees claimed were computed. Hayes Motion for Fees is denied based on these failures.

The March and Dusbabek Parties provide adequate support for the fees they claim. Nonetheless, I find that they are not entitled to an award of their fees under either 42 U.S.C. § 1988 or section 13-17-201, C.R.S.

First, neither the March nor the Dusbabek Parties argued in their motions to dismiss or replies in support of their motions to dismiss either that the plaintiff's claims or the assertion of this court's jurisdiction over those claims was vexatious, frivolous, or brought to harass or embarrass the defendants. Neither the district judge nor I made any finding that the claims or the assertion of jurisdiction was vexatious, frivolous, or brought to harass or embarrass.

Second, the bases advanced by the March and Dusbabek Parties for dismissal of the case largely were unfounded. Both March and Dusbabek relied heavily on the Rooker-Feldman doctrine to argue that this court lacked subject matter jurisdiction. With a very limited

exception, however, see note 1 supra, I found that Rooker-Feldman did not apply and that Younger abstention, something not addressed by any party, precluded jurisdiction.

Third, neither the March nor Dusbabek Parties present convincing arguments in their motions for attorney fees that this action was vexatious, frivolous, or brought to harass or embarrass. At most, the March Parties make the conclusory assertion that "Stauffer's § 1983 claims, as asserted in this litigation, were both frivolous and vexatious." March Parties Motion for Fees [Doc. # 99] at ¶14. In addition, the March Parties complain generally about Mr. Stauffer's conduct, including Stauffer's petition in bankruptcy; the filing of suits substantially identical to this one in the Northern District of Illinois and the Middle District of Florida; and the use of abusive language in e-mails and a single filing in this court. None of those matters address directly whether the claims asserted here or the assertion of jurisdiction in this court were vexatious, frivolous, or brought to harass or embarrass.

I am not prepared to say on the record before me that this action or the assertion of jurisdiction here was vexatious, frivolous, or brought to harass or embarrass these defendants.

Finally, I find that section 13-17-201, C.R.S., is inapplicable. Five of the plaintiff's claims asserted constitutional violations, not state law torts. In addition, the state law tort claims were not dismissed under Rule 12(b), Fed. R. Civ. P. Instead, after dismissing the federal claims for lack of subject matter jurisdiction, the district judge declined to exercise supplemental jurisdiction over the state law claims. As this court noted in Jones v. Haga, 2007 WL 433126 at *2:

> Dismissing a pendent state claim based on a determination not to
> exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)
> is not equivalent to dismissing that claim pursuant to Rule 12(b).
> Unlike a dismissal under Rule 12(b), a dismissal under 28 U.S.C. §

>   1367 is discretionary.  Here, no state claims . . . were dismissed
>   under Rule 12(b).

Thus, this is not a case where the defendants prevailed "on the entire action as to that defendant under Rule 12(b), and on no other grounds," id. at *2, and the award of attorney fees under section 13-17-201, C.R.S., is not available.

IT IS ORDERED that the March Parties' Motion for Fees [Doc. # 99], the Dusbabek Parties' Motion for Fees [Doc. # 100], and Hayes Motion for Fees [Doc. # 101] are DENIED.

Dated June 2, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge